Celinas Ruth (018595)
GLOBAL FAMILY LEGAL SERVICES
PO Box 8001
Tumacácori, AZ 85640-8001
(520)398-3388
celinas@gflsfamily.org

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anthony J. Delevin a/k/a Gabriel of Urantia; Shannon Leigh Plyler a/k/a Mycenay; Daniel Steinhardt a/k/a BenDameean; and Stacey Luther-Myszka a/k/a TiyiEndea, | ) ) ) ) ) | Case No. 4:12-cv-00118-FRZ |
| Plaintiffs, | ) ) | **PLAINTIFFS' RESPONSIVE MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF MANDATORY ATTORNEYS' FEES ON APPEAL PURSUANT TO COLORADO LAW** |
| vs. | ) ) | |
| Ted Holteen; Durango Herald, Inc., a Colorado corporation; and Ballantine Communications, Inc., a Colorado corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ __ | ) | |

Plaintiffs, Anthony J. Delevin a/k/a Gabriel of Urantia; Shannon Leigh Plyler a/k/a Mycenay; Daniel Steinhardt a/k/a BenDameean; and Stacey Luther-Myszka a/k/a TiyiEndea (collectively "Plaintiffs") through their undersigned counsel submit this Responsive Memorandum of Points and Authorities in Opposition to Defendants' Motion for Entry of Mandatory Attorneys' Fees on Appeal Pursuant to Colorado Law.

### INTRODUCTION

On August 3, 2015 the Court ordered plaintiffs' three tort claims filed February 22, 2012 dismissed with prejudice under Rule 12(b)(6), FED.R.CIV.P. Plaintiffs' Complaint, filed in diversity, accordingly was subject to Arizona's choice of law on substantive tort issues. The Court applied Colorado law to all three claims. Order, Dkt.

No. 49.

Since the Plaintiffs appealed the dismissal of the intentional infliction of emotion distress claim and the award of attorneys' fees, the Ninth Circuit Court of Appeals has heard the case and affirmed the District Court's order and the dismissal of Plaintiff's single appealed claim finding Colorado law governed the issue of attorneys' fees. Mem. Op at 4 , Delevin v. Holteen, 15-16765 (9th Cir. Apr. 14, 2017), Dkt. 36-1. The Ninth Circuit affirmed the transfer of consideration and determination of attorneys' fees incurred by the Defendants' to this Court. Order, *Delevin v. Holteen*, 15-16765 (9th Cir. May 12, 2017), Dkt. 40.

## **ARGUMENT**

**1.     WHETHER COLORADO LAW APPLIES TO AN AWARD OF ATTORNEYS'FEES FOR A PREVAILING PARTY IN A NINTH CIRCUIT COURT APPEAL IS TO BE DETERMINED BY THIS COURT.**

Defendants have argued their eligibility and entitlement to attorneys' fees under Colorado law for a Colorado appeal citing Colorado case law. This Court has already decided it may award Defendants their reasonable attorneys' fees incurred in Colorado state courts or in federal courts when a federal court dismisses a pendent state tort pursuant to Fed.R.Civ.P. 12(b)(6).  See, e.g., *Jones v. Denver Post Corp*., 203 F.3d 748, 757 N.6 (10th Cir. 2000) (The Colorado statute section 13-17-201 "applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed.R.Civ.P. 12(b)(6).")  However, whether a federal court can issue attorneys' fees after the Ninth Circuit affirms the dismissal of part of the case is now before the Court.

Plaintiffs have found no case on point which mirrors the facts in this case.

**II.     ARE DEFENDANT'S ATTORNEYS' FEES REQUESTED REASONABLE?**

While the Court awarded attorney fees to Defendants in their prior Motion for Attorney Fees under Colorado Law, should the Court decide similarly to award attorneys' fees for the Ninth Circuit Court's affirmance of the dismissal of the case, this Court is

being asked to determine the correct amount of attorney fees applicable to the appeal in the Ninth Circuit Court of Appeals.  Plaintiffs pray the Court consider the points below if awarding Defendants attorneys' fees.

Plaintiffs understand the Court may use its discretion under FED.R.CIV.P. § 54(d)(2) in awarding attorney fees. The Plaintiffs suggest the amount of $25,696 for Defendants' attorney fees for the appeal is unreasonable and the Defendants' claim for attorney fees be reduced for several reasons which follow.  Future references to Steven D. Zansberg's Declaration ("Dkt. 74") and David J. Bodney's Declaration ("Dkt. 75") shall be made as necessary.

### A.  Prevailing Rates in the Legal Market of this District Necessitate an Adjustment of Attorney Fee Rates

Steven D. Zansberg attests to Levine Sullivan Koch & Schulz's ("LSKS") billing rates in this case being substantially below the firms standard rates. No information about those rates is supplied, however. And although Mr. Zansberg also states the "hourly rates LSKS charged for each timekeeper's legal services performed [were]. . . consistent with rates charged by attorneys of comparable experience and expertise prevailing in the Arizona legal community," he is mistaken, as is Mr. Bodney in his Declaration. (Dkt. 74, page 4, lines 13-15, and Dkt. 75, page 3, lines 8-14.)

Mr. Zansberg's attempt to comply with the requirement of deducing the customary billing rate for the Arizona legal community was incomplete.  The hourly billing rates requested by LSKS for two associate attorneys and a legal assistant are not consistent with and are higher than rates charged in the Arizona legal community as published in the Arizona Bar Association's 2013 report, *Economics of Law Practice in Arizona*. Dkt. 74-5.  That publication suggests an associate with 7 years' experience in a law firm of 8 or more partners in Pima County had a median hourly rate of $250, and the 75th percentile was $275.  Legal assistants with 10+ years' experience in a law firm of 8 or more partners in Pima County had a median salary of $100, and the 75th percentile was $110. Because of this discrepancy, Plaintiffs dispute each time entry for Thomas B Sullivan and

Dana R. Green, both 7 year associate attorneys, and for Marla D. Kelley, an experienced legal assistant. Plaintiffs request an adjustment from $335/ hr. to $275/hr. for Mr. Sullivan and Ms. Green, and an adjustment from $185 to $110 for Ms. Kelley. The adjustments of those billing rates reduce the overall request for attorney fees by $2014.50 to $23,681.50.

        To focus the Court's attention to these time entries, please see the billing entries below where, under the Attorney category, TBS is Thomas B. Sullivan; DRG is Dana R. Green; and MDK is Marla D. Kelley. Please notice the current rates are $335, $335, and $185 respectively. To reiterate and fulfill the responsive obligation under LRCiv 52.2(f), Plaintiffs' suggest the billing rates be adjusted downward to $275, $275, and $110 respectively to comply with LRCiv 52.2(c)(3)(E), i.e., "The customary fee charged in matters of the type involved."

| Date | Attorney | Description | Hours/Rate | Amount |
|------|----------|-------------|------------|--------|
| 03/15/16 | TBS | L520 Appellate Briefs<br>Strategize regarding cases cited in appellant's brief on special relationship between defendant and plaintiff. | 0.10<br>335.00/hr | 33.50 |
| 03/16/16 | TBS | L520 Appellate Briefs<br>Review Appellants' brief on appeal (.8); legal research regarding argument that defendants' position of power made conduct outrageous (2.7); strategize concerning same (.5); review district court decision on motion to dismiss (.5). | 4.00<br>335.00/hr | 1,340.00 |
| 03/18/16 | TBS | L520 Appellate Briefs<br>Draft section of Ninth Circuit Answer brief regarding response to power differential argument. | 4.40<br>335.00/hr | 1,474.00 |
| 03/21/16 | TBS | L520 Appellate Briefs<br>Continue drafting section of Answer brief responding to plaintiffs' argument regarding power differences between the parties. | 6.10<br>335.00/hr | 2,043.50 |
| 03/17/17 | DRG | L120 Analysis/Strategy<br>Legal research regarding recent judicial decisions relevant to oral argument. | 0.80<br>335.00/hr | 268.00 |

| | | | | |
|---|---|---|---|---|
| 03/19/17 | DRG | L120 Analysis/Strategy<br>Legal research regarding intentional infliction of emotional distress. | 2.00<br>335.00/hr | 670.00 |
| 03/20/17 | DRG | L120Analysis/Strategy<br>Legal research regarding "true threats" doctrine in Ninth Circuit. | 0.90<br>335.00/hr | 301.50 |
| 02/01/16 | MDK | L510 Appellate Motions and Submissions<br>Prepare audio files for delivery to C. Ruth, Esq. | 0.40<br>185.00/hr | 74.00 |
| 03/15/16 | MDK | L510 Appellate Motions and Submissions<br>File streamlined request for extension to answer in the Ninth Circuit Court of Appeals | 0.20<br>185.00/hr | 37.00 |
| 05/09/16 | MDK | L520 Appellate Briefs<br>Research case histories and review citations and quotations to cases and record in answer brief for accuracy and compliance with Ninth Circuit local rules. | 1.90<br>185.00/hr | 351.50 |
| 05/10/16 | MDK | L520 Appellate Briefs<br>Continue to research case histories and review quotations to cases and record in answer brief for accuracy. | 6.00<br>185.00/hr | 1,110.00 |
| 05/11/16 | MDK | L520 Appellate Briefs<br>Review final response for accuracy (.8); draft table of contents and table of authorities (1.0); prepare response for filing in the Ninth Circuit Court of Appeals (.7). | 2.50<br>185.00/hr | 462.50 |

### B.  Plaintiffs Should Not Be Billed for Defendants' Initial Failure to Produce An Exhibit

Defendants failed to provide the audio CDs of the House and Senate hearings on S.B. 85 (1988) to Plaintiffs. This was Exhibit B to Marla D. Kelley's Affidavit noted in the AZ District Court trial docket 33. Plaintiffs' attorney finally received the CDs from Ms. Kelley. Plaintiffs should not pay for this entry.  The e-mail from Ms. Kelley was:

> **From:** Marla Kelley [mailto:MKelley@lskslaw.com]
> **Sent:** Monday, February 01, 2016 2:31 PM
> **To:** Celinas Ruth
> **Cc:** Steven Zansberg
> **Subject:** 15-16765 Delevin v. Holteen

Ms. Ruth:

Mr. Zansberg forwarded your email concerning the audio CDs of the House and Senate hearings on S.B. 85 (1988). Copies of these CDs are being mailed to you today. Unfortunately, other time commitments prevent me from being able to upload these files to a drop box any sooner than next Monday. If you have not received the disks by then, please let me know.

Sincerely,

Marla D. Kelley, CP
Certified Paralegal*

LSKS LEVINE SULLIVAN KOCH & SCHULZ, LLP

1888 Sherman Street
Suite 370
Denver, CO 80203
(303) 376-2405 | Phone
(303) 376-2401 | Fax
www.lskslaw.com

*Certified by the National Association of Legal Assistants

The following is the timekeeper entry billing of the event to be excluded:

| Date | Attorney | Description | Hours/Rate | Amount |
|------|----------|-------------|------------|--------|
| 02/01/16 | MDK | L510 Appellate Motions and Submissions<br>Prepare audio files for delivery to C. Ruth, Esq. | 0.40<br>185.00/hr | 74.00 |

### C. Plaintiffs Should Not Be Billed for Defendants' Argument Concerning a "Moot" Defense.

Stephen D. Zansberg, in his Declaration, relates his qualifications in media law, First Amendment law; and copyright law for the past 10 years with his current law firm. Dkt. 74, pages 1 and 2. The qualifications of Thomas B. Kelly are likewise briefly recounted, emphasizing he too is a First Amendment lawyer who has represented the Durango Herald, Inc. for 35 years. Dkt. 74, page 2. Such expertise should curb hours expended and fees, but no evidence of economies were provided. Additionally, while this experience is valuable for efficient work in First Amendment and media areas of law, Plaintiffs elected to appeal only the Court's dismissal of the intentional infliction of

6

emotional distress claim to the Ninth Circuit Court of Appeals not related to the First Amendment.

Mr. Zansberg states in Appellees' Response Brief, which is Defendants' primary basis for this request for attorney fees, the "District Court dismissed Plaintiffs' IIED claim on state law ground alone, and thus determined that Defendants' alternative defense to that claim, under the First Amendment was 'moot.' 1-ER-11-12 n.7." Appellees Brief at 28, *Delevin v. Holteen*, 15-16765 (9th Cir. Apr.14, 2017) Dkt. 21. However, the Appellees' continued to discuss the First Amendment from page 28 through page 34 in that brief.  Plaintiffs contend this First Amendment discussion was likewise moot, was uncalled for, and the Plaintiffs should not be billed for these 6 pages, superfluous to the Appellees' Response Brief as the lower court had stated their argument was rendered moot.

After Plaintiffs careful review of these 6 pages, nineteen cases have been noted to be cited as authority for Defendants' First Amendment argument. Seventeen of these cases and essentially the argument were re-used from the Defendants' District Court Motion to Dismiss and Defendant's Reply to Plaintiffs' Response to Defendants' Motion to Dismiss. (Dkt. 41 and 42.)

These duplicate cases cited in Appellees' Response Brief were:  *Art of Living Foundation v. Does*, No. 10-CV-05022-LHK, 2011 WL 2441898, (N.D. Cal. June 15, 2011); *Cantrell* v. *Forest City*, 419 U.S. 245 (1974); *Corales v. Bennett*, 567 F.3d 554 (9th Cir. 2009); *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 2448 (2011); *Griffin v. Lockett*, No. 1:CV-06-02445, 2009 WL 179685 (M.D. Pa. Jan. 26, 2009); *Hustler Magazine* v. *Falwell*, 485 U.S. 46 (1988); *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coalition of Life Activists*, 290 F.3d 1058 (9th Cir. 2002); *Snyder v. Phelps*, 131 S. Ct. 1207 (2010); *United States v. Alkhabaz*, 104 F.3d 1492 (6th Cir. 1997); *United States v. Bagdasarian*, 652 F.3d 113 (9th Cir. 2011); *United States v. Francis*, 164 F.3d 120, (2d Cir. 1999); *United States v. Gilbert*, 813 F.2d 1523

1   (9th Cir. 1987); *United States v. Lincoln*, 403 F.3d 703 (9th Cir. 2005); *United States v.*

2   *O'Dwyer*, 443 F. App'x 18 (5th Cir. 2011); *United States v. White*, 670 F.3d 498 (4th Cir.

3   2012); *Zacchini* v. *Scripps-Howard Broad. Co*., 433 U.S. 562 (1977).

4          Appellee's Brief totaled 48 pages.  According to Ms. Kelley's time entry on

5   05/11/16 she prepared the brief's first 9 pages. There were approximately 23 full pages

6   written under the heading of "Argument." Appellees Brief, *Delevin v. Holteen*, 15-16765

7   (9th Cir. Apr.14, 2017) Dkt. 21. Thomas B Sullivan, an associate from the New York

8   LSKS office, spent 14.6 hours during the month of March 2016 researching and drafting

9   "power differences" on pages numbered 14 through 24 consist of approximately 10 pages

10  of the 23 pages of the "Argument."  See below these four entries from Exhibit D to the

11  Declaration of Steven D. Zansberg attributed to Thomas B Sullivan, TBS. Dkt. 74-4.

| Date | Attorney | Description | Hours/Rate | Amount |
|------|----------|-------------|------------|--------|
| 03/15/16 | TBS | L520 Appellate Briefs<br>Strategize regarding cases cited in appellant's brief on special relationship between defendant and plaintiff. | 0.10<br>335.00/hr | 33.50 |
| 03/16/16 | TBS | L520 Appellate Briefs<br>Review Appellants' brief on appeal (.8); legal research regarding argument that defendants' position of power made conduct outrageous (2.7); strategize concerning same (.5); review district court decision on motion to dismiss (.5). | 4.00<br>335.00/hr | 1,340.00 |
| 03/18/16 | TBS | L520 Appellate Briefs<br>Draft section of Ninth Circuit Answer brief regarding response to power differential argument. | 4.40<br>335.00/hr | 1,474.00 |
| 03/21/16 | TBS | L520 Appellate Briefs<br>Continue drafting section of Answer brief responding to plaintiffs' argument regarding power differences between the parties. | 6.10<br>335.00/hr | 2,043.50 |

26         After Mr. Sullivan drafted his 10 pages and Mr. Zansberg drafted his 6 pages

27  about a "moot" First Amendment issue, only pages 11, 12, 13, 25, 26, 27 and the top of

8

page 28 of the "Argument" were essentially left to be written by Mr. Zansberg. Not included in this discussion are the time entries of Mr. Kelley who collaborated and reviewed the brief.   Please see below Mr. Zansberg's time entries concerning the preparation of the Appellees' Response Brief.

| Date | Attorney | Description | Hours/Rate | Amount |
|------|----------|-------------|------------|--------|
| 03/11/16 | SDZ | L120  Analysis/Strategy<br>Review plaintiffs opening brief and appendix to Ninth Circuit and exchange email with clients regarding same (.5); review appellants' opening brief(.6). | 1.10<br>435.00/hr | 478.50 |
| 03/15/16 | SDZ | L110 Fact Investigation/Development<br>Research for answer brief to Ninth Circuit (1.5); exchange email with clients regarding plaintiffs' opening brief (.3). | 1.80<br>435.00/hr | 783.00 |
| 03/16/16 | SDZ | L110 Fact Investigation/Development<br>Research and outline of answer brief to Ninth Circuit. | 0.70<br>435.00/hr | 304.50 |
| 03/22/16 | SDZ | L110 Fact Investigation/Development<br>Review draft section of Answer brief on Restatement comments regarding power relationship between parties. | 0.40<br>435.00/hr | 174.00 |
| 05/02/16 | SDZ | L110 Fact Investigation/Development<br>Draft Answer Brief to Ninth Circuit (Threats and Introduction/Summary of Argument sections). | 3.00<br>435.00/hr | 1,305.00 |
| 05/04/16 | SDZ | L110 Fact Investigation/Development<br>Continue drafting Ninth Circuit Answer Brief. | 0.80<br>435.00/hr | 348.00 |
| 05/07/16 | SDZ | L110 Fact Investigation/Development<br>Draft Answer Brief to Ninth Circuit (7.3); exchange email with clients regarding same (.2). | 7.50<br>435.00/hr | 3,262.50 |
| 05/09/16 | SDZ | L110 Fact Investigation/Development<br>Exchange email with C. Ruth, R. Hickey and R. Ballantine regarding plaintiffs request to stay judgment and consolidate appeals (.7);revise draft Answer Brief (.8). | 1.50<br>435.00/hr | 652.50 |

| | | | | |
|---|---|---|---|---|
| 05/10/16 | SDZ | L110 Fact Investigation/Development | 0.60 | 261.00 |
| | | Final review/edit of Appellees Answer Brief | 435.00/hr | |

Because Mr. Zansberg entered a total of approximately 16.7 hours preparing Appellees' Response Brief, and Mr. Zansberg apparently prepared 12 to 13 pages of text for the brief, about one half of the these pages and the time spent were unnecessary since they related to the moot First Amendment argument. Therefore, Plaintiffs request Mr. Zansberg's time for brief preparation be cut in half with a reduction of the attorneys' fee by $3,632.50.

The total reductions in attorneys' fees suggested by Plaintiffs amount to: $2014.50 for reduced rates of associates and legal assistant, $74 eliminated from receiving late Exhibit and $3,632.50 from a reduction in Mr. Zansberg's time entries for a total reduction of attorney fees of $5721.00.

In the alternative, should the Court believe Mr. Zansberg's 6 pages of First Amendment argument were somehow necessary for Defendants' Appellees Response Brief, Plaintiffs request the court lower the time entries and thus the attorneys' fees related to this section of the brief.

## **CONCLUSION**

Should Defendants' Motion for Attorney Fees attorney fees be awarded, Plaintiffs request reducing the fees to reflect a reasonable billing rate commensurate with the Tucson, Arizona legal market, removing the fee for producing an Exhibit Defendants initially failed to give Plaintiffs, and reducing or eliminating time entries for a First Amendment argument which was rendered moot by the Courts' dismissal of Plaintiffs claims.

1

DATED THIS 6th day of July, 2017.

2

                     s/ Celinas Ruth

3

4

                  Celinas Ruth, Minister, Esq. (018595)
                  GLOBAL FAMILY LEGAL SERVICES

5

                     (nonprofit legal services)
                  P.O. Box 8001, Tumacácori, AZ 85640-8001

6

                  celinas@gflsfamily.org

7

8

                  *Attorney for Plaintiffs*
                  Anthony J. Delevin, Stacey Luther-Myszka,

9

                  Shannon Leigh Plyler and Daniel Steinhardt

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

     I hereby certify that on this 6th day of July, 2017, I electronically filed the foregoing **PLAINTIFFS' RESPONSIVE MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF MANDATORY ATTORNEYS' FEES ON APPEAL PURSUANT TO COLORADO LAW** with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the following counsel of record:

4

5

6

7

8

    Thomas B. Kelley
    Steven D. Zansberg
    1888 Sherman Street, Suite 370
    Denver, CO 80203
    (303) 376-2400
    tkelley@lskslaw.com
    szansberg@lskslaw.com

9

10

11

12

13

                             s/  Celinas Ruth
                             Celinas Ruth, Minister, Esq.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28